## HORIL v. D'ASARO.
### No. 14553.

Court of Appeal of Louisiana. Orleans.
May 8, 1933.

Legier, McEnerny & Waguespack, of New Orleans, for appellant.

James G. Schillin, of New Orleans, for appellee.

JANVIER, Judge.

Horil alleges that at D'Asaro's request he paid various bills owed by the said D'Asaro totaling $278.76, and that D'Asaro refuses to repay him. The balance of the claim, to wit, $14, is based on the allegation that Horil bought from D'Asaro a case said to contain twelve cans of powder used by butchers in preserving meats and that when the case was opened, it contained only four cans.

In the district court judgment was rendered for Horil for $285.76. The difference between this amount and the amount prayed for seems to result from the fact that plaintiff's testimony showed that there was a shortage of only four cans in the box of powder instead of eight as alleged in the petition.

The defense is based on two contentions. First, defendant asserts that Horil did not pay the amounts which he alleges he paid for defendant's account, and, second, defendant asserts that if Horil did pay any such amounts, he, defendant, has repaid him. When the answer was filed, plaintiff, by motion, sought to compel defendant to elect whether he would rest his case on the denial of plaintiff's allegations that he had made the purchases, or whether he would depend for his defense upon the allegation of payment. The district judge felt that the transaction had extended over so long a time that it might be unfair to require defendant to elect and he overruled the motion.

In support of plaintiff's allegations, he produced positive evidence that he had expended all of the amounts set forth in his petition with the exception of the amount which he states he paid for the meat powder, and on this item his proof, as we have stated, showed a shortage of only four cans instead of eight.

Defendant then produced three checks totaling $170, drawn by him and made payable to plaintiff and he asserted that these checks had been given to plaintiff in payment of purchases made for his account and that plaintiff had not given him credit therefor. The three checks, however, were drawn, one in July, 1928, one in October, 1928, and one in November, 1928, and, therefore, could not have been given in payment of any of the purchases except possibly the first three since all of the others were made long after the date on which the last of the said checks was issued. As to the three purchases made prior to the dates of the said checks defendant denied absolutely that plaintiff had made those purchases for his account, therefore, he cannot be heard to say that the checks were given in repayment of these expenditures.

The truth must be then, as plaintiff asserts, that the said three checks were given to him in payment of other purchases which he made for account of defendant and which were in no way involved in this litigation.

The district judge properly reached the conclusion that the proof in support of plaintiff's claim preponderates.

The judgment appealed from is affirmed at the cost of appellant.

Affirmed.